UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| GLENN CHERRY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO: 1:15-cv-00241-JVB-SLC |
| EMID, LLC, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Glenn Cherry filed a complaint against Defendant EMID, LLC, on August 28, 2015, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). The complaint recites that Plaintiff is domiciled in Indiana and that Defendant EMID, LLC, is a Florida corporation authorized to conduct business in Indiana. (DE 1 ¶¶ 1-2).

To the extent the complaint attempts to establish diversity jurisdiction, it is inadequate because it fails to properly allege the citizenship of Defendant.[1] Although Plaintiff alleges that Defendant is a Florida corporation, its name—EMID, LLC—suggests that it instead is a limited liability company. For purposes of establishing diversity jurisdiction, a limited liability company's citizenship is different than that of a corporation. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).

Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899

---

[1] Plaintiff advances a claim of wrongful discharge in Count 1, alleging that Defendant discriminated against him by terminating his employment based on his race; he does not, however, advance this claim under Title VII or 42 U.S.C. § 1981 and instead attempts to establish diversity jurisdiction.

F.2d 591, 594 (7th Cir. 1990); *see* 28 U.S.C. § 1332(c)(1). Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Therefore, if Defendant is a limited liability company as its name reflects, the Court must be advised of the citizenship of all its members to ensure that none of the members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of EMID, LLC, who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Accordingly, Plaintiff is ORDERED to supplement the record by filing an amended complaint that properly alleges subject-matter jurisdiction on or before September 16, 2015.

SO ORDERED.

Enter for this 2nd day of September 2015.

s/ Susan Collins
Susan Collins,
United States Magistrate Judge