# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| GLENN CHERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:15-cv-00241-JVB-SLC |
| | ) |
| EMID, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the parties' joint motion for approval of a proposed stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c). (DE 33). Because the proposed order is vague and overly broad, the parties' motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here, the language of the proposed order does not clearly define what information can be

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order in this case contemplates sealed filings, it requires a higher level of scrutiny.

designated as "Confidential" by the parties. It discusses protecting Plaintiff's personnel records and medical records (DE 33-1 ¶ 3); "employees' mental health records" (DE 33-1 ¶ 3); "highly confidential, proprietary, and trade secret information concerning the operation of [Defendant's] business" (DE 33-1 ¶ 5); "personal, private or confidential information relating to employees, officers, directors, managers, or agents of Defendant who are not parties to this litigation" (DE 33-1 ¶ 10); and "any documents reflecting Defendant's business relationship with its clients, customers, and vendors" (DE 33-1 ¶ 10). It is unclear, however, which of these phrases are actually intended to be the definition of "Confidential."

In any event, the categories proposed concerning Defendant's business are overly broad. "If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook*, *Inc.*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

And as to personnel records, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL

1554317, at *4 (C.D. Ill. June 5, 2006).  For example, "there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location."  *Id.*; *see also Smith v. City of Chi.*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005).  Moreover, with respect to Plaintiff's personnel and medical information, while "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, . . . when these things are vital to claims made in litigation, they must be revealed."  *Baxter Int'l, Inc.*, 297 F.3d at 547; *see, e.g.*, *Brown v. Auto. Components Holdings, LLC*, No. 1:06-cv-1802-RLY-TAB, 2008 WL 2477588, at *1 (S.D. Ind. June 17, 2008) (denying leave to file the plaintiff's personnel and medical information under seal where the information was central to the case).

Another problem is that the proposed order allows documents that "include" confidential information to be filed entirely under seal (DE 33-1 ¶¶ 2, 5, 10), rather than solely protecting the actual confidential information through redaction.  *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).  It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding."  *Id.* at 945 (citations omitted).

For the foregoing reasons, the Court DENIES the parties' joint motion for entry of the proposed stipulated protective order (DE 33).  The parties may submit a revised proposed

protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 30th day of August 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge